# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| THOMAS E. PARNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-CV-100 |
| | ) |
| FSI EVERGREEN ESTATES | ) |
| PROPERTY, LLC, and FICTITIOUS | ) |
| PARTIES A, B, C and D, et al., | ) |
| | ) |
| Defendants. | ) |

RECEIVED FEB 25 2022
CLERK U.S. DISTRICT COURT MIDDLE DIST. OF ALA.

## NOTICE OF REMOVAL

COMES NOW Defendant FSI Evergreen Estates Property, LLC ("FSI Evergreen"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes this case from the Circuit Court of Montgomery County, Alabama, where it is now pending as Case Number 03-CV-2022-900165, to the United States District Court for the Middle District of Alabama, ___ Division. In support, FSI Evergreen states as follows:

**A.  Removal is Timely.**

1. Plaintiff Thomas E. Parnell commenced this personal injury action against FSI Evergreen and Fictitious Defendants A-D on February 10, 2022, by filing a complaint in the Circuit Court of Montgomery County, Alabama.

2. True and correct copies of the state court service records and pleadings as of the date of this removal are collectively attached hereto as **Exhibit 1**.

3. Removal is timely under 28 U.S.C. § 1446(b)(1) because this Notice is filed within thirty days of receipt by any defendant, through service or otherwise, of Plaintiff's Complaint.

**B.  Complete Diversity of Citizenship.**

4. Pursuant to 28 U.S.C. § 1332(a)(1), federal diversity jurisdiction exists here because FSI Evergreen is completely diverse from Plaintiff, and the amount in controversy, exclusive of interest and costs, is greater than $75,000.00.

5. Plaintiff Thomas Parnell is a resident citizen of Montgomery County, Alabama. Compl. ¶ 2.

6. FSI Evergreen is a foreign limited liability company with its principal place of business in Farmington, Michigan. Compl. ¶ 3. Thus, for diversity purposes, FSI Evergreen is a citizen of Michigan. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

7. Fictitious parties are to be disregarded for purposes of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

8. Thus, complete diversity exists between Plaintiff, a resident of Alabama, and FSI Evergreen, a resident of Michigan.

**C.   Amount in Controversy Exceeds $75,000.00.**

9. This lawsuit arises from a March 2, 2020 slip and fall incident that occurred at Plaintiff's former residence located in Evergreen Estates, which is owned and/or managed by FSI Evergreen. Compl. ¶¶ 3, 6. Plaintiff asserts claims of negligence, wantonness, and negligence per se under the Alabama Uniform Residential Landlord and Tenant Act ("URLTA"), Ala. Code §§ 35-9A-101, et seq., against FSI Evergreen and seeks recovery of compensatory and punitive damages. Compl. ¶¶ 13-24.

10. Plaintiff has not plead a specific amount in his Complaint. Nonetheless, the amount in controversy here is clearly satisfied. When "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2020) (*quoting Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

11. Removal of a complaint that "does not claim a specific amount of damages…is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id.* Notably, the Eleventh Circuit "permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint…establishes the jurisdictional amount." *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317, 1319 (N.D. Ala. 2015) (internal citations omitted) (*quoting Roe v. Michelin North American, Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)). "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.*

12. If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.*; *see also McCollough Enters.*, 2009 WL 3615044, at *3 (S.D. Ala. 2009) ("A removing defendant can discharge its burden [of establishing the jurisdictional amount] by presenting sufficient evidence that a verdict rendered in favor of the

plaintiff would exceed $75,000.") (*quoting Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S. D. Ala. 1999)).

13. Plaintiff seeks compensatory and punitive damages for "serious and significant emotional, mental, and/or physical injuries including, but not limited to, injuries to his left shoulder (fractured scapula), which required extensive medical care (surgery, physical therapy, etc.)." Compl. ¶ 9. Plaintiff additionally seeks compensatory and punitive damages for past, present, and future pain and suffering; emotional distress; mental anguish; "a loss of pay and income, a diminution in physical capability and ability to earn a living, economic damages, loss of enjoyment of life and other related damages." *Id.* ¶¶ 15, 19, 24.

14. Importantly, counsel for Plaintiff sent a demand letter dated April 13, 2021 communicating a pre-suit demand of $295,000.00 to FSI Evergreen. **Exhibit 2** ("Demand Letter"), p. 7.

15. When considering a demand letter to establish the amount in controversy, the court should view the amount demanded as relevant evidence of the true amount in controversy. *Faulk v. Husqvarna Consumer Outdoor Products N.A., Inc.*, 849 F. Supp. 2d 1327, 1332 (M.D. Ala. 2012) (allowing defendant to use plaintiff counsel's pre-suit demand of $375,000 as evidence to establish that the amount in controversy exceeds $75,000); *see also Womack v. Dolgencorp, LLC*, 2022 U.S. Dist. Lexis 1774, at *6 (M.D. Ala. Jan. 5, 2022) ("And while a settlement offer, by itself, may be determinative, it counts for something.").

16. Thus, the amount in controversy in this case clearly exceeds $75,000.00 considering (1) the nature and extent of Plaintiff's alleged personal injury claims, including his claim for wantonness, (2) the potential for an award of compensatory and punitive damages, and (3) the amount/value asserted in Plaintiff's demand letter.

**D.   All Other Removal Requirements are Satisfied.**

17.   A copy of the Notice to State Court of Removal that is being filed with the clerk of the Circuit Court of Montgomery County, Alabama, is attached as **Exhibit 3**.

18.   FSI Evergreen submits this Notice of Removal without waiver of any defenses.

Respectfully submitted this 25th day of February, 2022.

_____
RAUL M. JAMES, JR. ASB-0371-E54P
Attorney for Defendant
FSI Evergreen Estates Property, LLC

OF COUNSEL:

RUSHTON, STAKELY,
   JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101-0270
(334) 206-3148 - Office
(334) 481-0817 - Facsimile
pmj@rushtonstakely.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of February, 2022, I filed the foregoing with the Clerk of the Court and served a copy of this document to the following via email:

Anthony Brian Bush
The Bush Law Firm, LLC
Parliament Place Professional Center
3198 Parliament Place 302
Montgomery, AL 36116
abush@bushlegalfirm.com

_____
OF COUNSEL