DOCUMENT 2



ELECTRONICALLY FILED
2/10/2022 11:44 AM
03-CV-2022-900165.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# IN THE CIRCUIT COURT
## OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **Thomas E. Parnell,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )    Civil Action No.:_____ |
| | ) |
| **FSI Evergreen Estates Property, LLC** | ) |
| and Fictitious Parties A, B, C and D, | )    **JURY TRIAL DEMANDED** |
| whose real and proper identities are | ) |
| unknown at the present time, and who are | ) |
| more particularly described herein below, | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Thomas E. Parnell, against the above-captioned Defendants,

FSI Evergreen Estates Property, LLC, and Fictitious Parties A, B, C and D as more so described

herein below, and would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1.　　Pursuant to 6-3-2(a)(3), <u>Ala. Code (1975),</u> venue is proper in Montgomery County,

Alabama because the underlying act or omission, *i.e.,* the accident described herein below,

occurred within Montgomery County. Furthermore, the amount sought by the Plaintiff is

within the jurisdictional limits of the Circuit Courts of the State of Alabama.

## PARTIES

2.　　The Plaintiff, Thomas E. Parnell (hereinafter referred to as "Mr. Parnell"), is a citizen of

the United States of America and the State of Alabama, who is over the age of 19 years at

the filing of this action, and who is and/or at all times material hereto was a resident of

Montgomery County, Alabama.

3. The Defendant, FSI Evergreen Estates Property, LLC (hereinafter referred to as "FSI"), is a foreign limited liability company with a principal place at 32255 Northwestern Highway, Suite 201, Farmington, Michigan 48334. FSI owns and/or manages a facility often referred to as "Evergreen Estates" which is situated on or near Troy Highway in Montgomery, Alabama.

4. Fictitious Defendants A, B, C and D are individuals, insurance companies, general partnerships, limited partnerships, corporations or other legal entities who:

a. insure(d) the Plaintiff or maintain(ed) a contractual relationship with the Plaintiff; and/or

b. insure(d) the Defendants or maintain(ed) a contractual relationship with the Defendants or with one or more of the Defendants; and/or

c. owe the Plaintiff for claims made as a result of the accident and injury made the subject of this claim; and/or

d. are responsible in any way for the subject accident and resulting injuries, whether by direct involvement within the subject accident, by virtue of premises ownership or management, and/or by virtue of being an insurer; and/or

e. make claim to subrogation rights in contract or equity.

## **RELEVANT FACTS**

5. Plaintiff incorporates herein the allegations above.

6. On or around March 2, 2020, Mr. Parnell slipped and fell, and as a result injured himself, at his former residence located in Evergreen Estates situated within Montgomery County, Alabama. The aforementioned incident and injury occurred on the stairs which permit ingress and egress to Mr. Parnell's former residence.

7.   At all times relevant hereto, FSI owned and/or managed Evergreen Estates including Mr.

Parnell's former residence.

8.   On one or more occasions before the aforementioned incident and injury, Mr. Parnell

and/or his spouse reported to FSI and/or its agents and representatives that the stairs were

dangerous and defective. On one or more occasions, FSI and/or its agents and

representatives undertook and/or purported to undertake efforts to correct the dangerous

and defective stairs, but those efforts and/or purported efforts failed and thereby resulted

in the incident and injury to Mr. Parnell.  Said efforts and/or purported efforts were

undertaken voluntarily and negligently.

9.   As a direct and proximate result, Mr. Parnell sustained serious and significant emotional,

mental and/or physical injuries including, but not limited to, injuries to his left shoulder

(fractured scapula), which required extensive medical care (surgery, physical therapy,

etc.).

10.  As a direct and proximate result, Mr. Parnell has undergone and/or continues to undergo

medical treatment including, but not limited to, surgery, physical therapy, and pain

management therapy.

11.  As a direct and proximate result, Mr. Parnell has incurred significant losses, in addition to

those identified herein above, including, but not limited to, copays associated with

medical treatment, the purchase of pharmaceuticals and medications, the loss of earnings

and/or wages and the accompanying benefits, and the loss of the ability to earn

compensation and/or wages in the future.

## CAUSES OF ACTION

12.   As to each cause of action, Plaintiff expressly adopts, as if fully set forth therein, each and all of the allegations set forth above.

## COUNT I – NEGLIGENCE

13.   On the aforesaid date and time, FSI acted with negligence as more so described herein above.

14.   Generally, FSI failed and/or refused to fulfill its duty to Mr. Parnell to ensure, inspect and maintain the subject ingress/egress and/or stairs in a compliant, functional, habitable, safe and operable condition and manner.

15.   As a direct and proximate result of the negligence of FSI, Mr. Parnell was seriously injured, has suffered great physical pain and suffering from then until now and is reasonably expected to continue to suffer such pain and suffering into the future.  Mr. Parnell has also suffered emotional distress and mental anguish, a loss of pay and income, a diminution in physical capability and ability to earn a living, economic damages, loss of enjoyment of life and other related damages.

## COUNT II - WANTONNESS

16.   On the aforesaid date and time, the FSI acted with wantonness as more so described herein above.

17.   Generally, FSI intentionally failed and/or refused to fulfill its duty to Mr. Parnell to ensure, inspect and maintain the subject stairs in a compliant, functional, habitable, safe and operable condition and manner, despite that FSI had knowledge, should have had knowledge, or should have reasonably known that failing and/or refusing to maintain a

DOCUMENT 2

set of stairs in compliant, functional, habitable safe and operable condition would result in injury.

18.    FSI acted intentionally and with a reckless disregard for the consequences.

19.    As a direct and proximate result of the wantonness of FSI, Mr. Parnell was seriously injured, has suffered great physical pain and suffering from then until now and is reasonably expected to continue to suffer such pain and suffering into the future.  Mr. Parnell has also suffered emotional distress and mental anguish, a loss of pay and income, a diminution in physical capability and ability to earn a living, economic damages, loss of enjoyment of life and other related damages.

### COUNT III - NEGLIGENCE PER SE (§§ 35-9A-101, et seq.)

20.    On the aforesaid date and time, the FSI acted with wantonness as more so described herein above.

21.    Pursuant to the Alabama Uniform Residential Landlord and Tenant Act ("URLTA"), the purposes of URLTA, as set forth within §§ 35-9A-101(b), Ala. Code (2007), are as follows: (1) to simplify, clarify, modernize, and revise the law governing the rental of dwelling units and the rights and obligations of landlords and tenants; (2) to encourage landlords and tenants to maintain and improve the quality of housing; and (3) to make uniform the law with respect to the subject of this chapter among those states which enact it.

22.    URLTA statutorily created a duty upon landlords to comply with building codes that materially affect the health and safety of a tenant, to make all repairs and to do whatever is necessary to maintain the habitability of the premises, and to maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, air-

conditioning, and other facilities and appliances, including elevators, supplied or required to be supplied by the landlord. §§ 35-9A-204(a)(1), (2) and (4), Ala. Code (2007).

23.   FSR failed to fulfill its statutory duties, as more so set forth within URLTA, to Plaintiff.

24.   As a direct and proximate result of the negligence per se of FSI, Mr. Parnell was seriously injured, has suffered great physical pain and suffering from then until now and is reasonably expected to continue to suffer such pain and suffering into the future.  Mr. Parnell has also suffered emotional distress and mental anguish, a loss of pay and income, a diminution in physical capability and ability to earn a living, economic damages, loss of enjoyment of life and other related damages.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED**, Mr. Parnell demands judgment against Defendants, jointly and severally, in the sum deemed fit by the jury to include compensatory and punitive damages in an amount yet to be ascertained, costs, interest and any other and further relief this Court deems just and proper to compensate Mr. Parnell for his injuries and damages.

**RESPECTFULLY SUBMITTED** on this the 10th day of February 2022.

## PLAINTIFF DEMANDS TRIAL STRUCK BY JURY

/s/ Anthony B. Bush
Anthony Brian Bush (BUS028)

OF COUNSEL:
The Bush Law Firm, LLC
Parliament Place Professional Center
3198 Parliament Place 302
Montgomery, Alabama 36116
Phone: (334) 263-7733
Facsimile:   (334) 832-4390
Email: anthonybbush@yahoo.com
       abush@bushlegalfirm.com

**Defendant may be served at the following address:**

FSI Evergreen Estates Property, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104